USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: SEP 2 9 2008

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RAFAEL MARTINEZ,

    Petitioner,

-v-                              No. 02 Civ. 0009 (LTS)(KNF)

DANIEL SENKOWSKI, Superintendent,
Clinton Correctional Facility,

    Respondent.

---

LAURA TAYLOR SWAIN, UNITED STATES DISTRICT JUDGE

## ORDER DENYING APPLICATION TO AMEND PETITION AND ADOPTING, IN PART, REPORT AND RECOMMENDATION

On May 4, 2005, Magistrate Judge Kevin Nathaniel Fox issued a Report and Recommendation (the "Report") recommending that the petition of Rafael Martinez ("Petitioner") for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, filed on January 2, 2002, be denied. Both Petitioner and Respondent submitted timely objections to the Report.

### Petitioner's Application to Amend

Following the briefing of the objections to the Report, Petitioner (whose petition and memorandum of law were filed by counsel and whose counsel recently confirmed that he still represents Petitioner[1]) made a number of pro se submissions to the Court,[2] all of which the

---

[1]     See docket entry no. 28.

[2]     Petitioner submitted a letter dated March 9, 2006, a letter dated June 13, 2007, a motion for leave to amend petitioner's habeas petition, which was dated February 21, 2008 and file-stamped February 26, 2008, and a letter dated July 17, 2008.

Copies mailed/faxed to  All parties
Chambers of Judge Swain
9-29-08

Court reviewed before rendering this decision.

In his March 9, 2006, letter, which does not appear to have been served on opposing counsel, Petitioner purports to summarize and reiterate the arguments he made to Magistrate Judge Fox as well as arguments made to the state courts in connection with his prior proceedings. Insofar as the letter attempts to address arguments, such as insufficiency of evidence based on alleged falsification of trial evidence, that were raised in the state courts but not in the instant habeas petition, the Court construes the letter as an application to amend the Petition. In a June 13, 2007, letter, to which Respondent submitted opposition, Petitioner again appeared to attempt to expand the scope of his petition, this time to argue the point, raised in the state court proceedings in connection with an argument that his sentence was imposed vindictively (but not in his Petition here), that trial counsel was ineffective for failure to counsel him regarding the merits of various plea offers that were made to him prior to trial.

His February 21, 2008, submission was expressly labeled as a motion to amend the petition and seeks to add a claim that his trial counsel was ineffective because he failed to communicate to Petitioner one of the plea offers that had expressly been referred to in Petitioner's state court papers regarding his failure to counsel claim (See Exhibit H to Respondent's Answer Opposing Petition for a Write of Habeas Corpus, Doc. 3, para. 21 and Doc. 5, paras. 45, 49(b)) and that he was prejudiced by this alleged failure because he would have accepted that plea offer had it been communicated to him. Respondent also opposed this application.

Petitioner argues that at least one of the late applications, which all post-dated not only Magistrate Judge Fox's Report concerning the original Petition but also the briefing of the

objections to the petition, concerns an amendment that he had asked his counsel to make at the beginning of the case. Whether or not that representation is true, Petitioner waited from four to six years to attempt to raise any of these issues with the Court and one of them (failure to convey a plea that he would allegedly have taken) does not appear properly to have been presented, much less exhausted, in the state courts. Although generally "[t]he court should freely give leave when justice so requires," a court is not required to permit amendments that would prejudice the opposing party and run counter to the efficient allocation of judicial resources by raising entirely new issues years after a recommended ruling and briefing on the claims originally presented. Fed. R. Civ. P. 15(a)(2). For this reason, and for substantially the reasons set forth in Respondent's letters of July 9, 2007, and April 2, 2008, Petitioner's applications to amend his petition are denied.

### The Report and Recommendation

In reviewing the Report, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C.A. § 636(b)(1)(West 2006). The Court is required to make a de novo determination as to the aspects of the Report to which objections are made. United States v. Male Juvenile, 121 F.3d 34, 38 (2d Cir. 1997). If the party makes only conclusory or general objections, or simply reiterates the original arguments, however, the Court will review the Report strictly for clear error. See United States ex rel. Casa Redimix Concrete Corp. v. Luvin Construction Corp., 00 Civ. 7552 (HB), 2002 WL 31886040, at *1 (S.D.N.Y. Dec. 27, 2002); Camardo v. General Motors Hourly-Rate Employees Pension Plan, 806 F. Supp. 380, 382 (W.D.N.Y. 1992); Vargas v. Keane, No. 93 Civ. 7852 (MBM), 1994 WL 693885 at *1 (S.D.N.Y. Dec. 12, 1994). Objections to a Report and

Recommendation "are to be specific and are to address only those portions of the proposed findings to which the party objects." Camardo, 806 F. Supp. at 381-382. Although aspects of Petitioner's objections appear merely to reiterate previous arguments, the Court has reviewed de novo all of the aspects of the Report to which the parties have objected.

Judge Fox recommends that Petitioner's application for habeas corpus relief be denied, finding: (1) Petitioner's Batson claim and courtroom closure claim to be exhausted but procedurally barred; (2) two of Petitioner's grounds for his ineffective assistance of counsel claim -- specifically, that trial counsel failed to call "Louisa" as a witness and failed to engage a handwriting expert -- to be procedurally barred; (3) Petitioner's claim of ineffective assistance of counsel based on the compensation arrangement for counsel with his co-defendants to be procedurally barred; (4) Petitioner's claims concerning the alleged hostility of the trial court and impermissible sentencing factors were not properly presented to the state courts and, therefore, are procedurally barred; and (5) Petitioner's claim of ineffective assistance of counsel based on exhausted grounds -- namely, trial counsel's lack of preparation and unprofessional decorum during trial -- to be insufficient to warrant relief. (Report, at 11-14.)

Although the Report recommends that Petitioner's application for habeas corpus relief be denied, Respondent objects to a portion of Magistrate Judge Fox's analysis of the claim regarding ineffective assistance of counsel. Respondent disagrees with Judge Fox's finding that the performance of Petitioner's counsel fell outside the wide range of professionally competent assistance, and that counsel's performance was thus constitutionally deficient, thereby satisfying the first prong of the Supreme Court's two part-test in Strickland v. Washington. See Strickland v. Washington, 466 U.S. 668, 687-88, 694 (1984) (holding that, to prevail in an ineffective

assistance of counsel claim, a criminal defendant must make a two-part showing that (1) his counsel's performance was deficient; and (2) absent counsel's deficient performance, there is a reasonable probability that the outcome of defendant's trial would have been different); (Report, at 13-14; Resp. Obj. to Report, at 1.) Respondent argues that Petitioner's claim of ineffective assistance of counsel should have been rejected under both prongs of the Strickland analysis, and not merely the second prong. (Resp. Obj. to Report, at 3-4.)

Respondent further contends that the New York State Supreme Court, Appellate Division, First Department ("Appellate Division"), found that the misconduct of Petitioner's trial counsel was "strategic," and that such a factual finding should be accorded deference by the Magistrate Judge, unless Petitioner carries the burden of showing the contrary by clear and convincing evidence. (Id. at 2-3.) Respondent argues that Magistrate Judge Fox neither acknowledged the Appellate Division's factual finding nor ruled that Petitioner had carried his burden of rebutting the Appellate Division's factual finding by clear and convincing evidence. (Id. at 3.)

Because the Appellate Division and Magistrate Judge Fox both concluded that the outcome of Petitioner's case was not altered by his trial counsel's conduct in court, the Court finds it unnecessary to resolve Respondent's objection with respect to the first prong of the Strickland test and will not adopt Judge Fox's conclusion that counsel's performance was constitutionally deficient. Strickland, 466 U.S. at 697 ("[T]here is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if a defendant makes an insufficient showing on one. In particular, a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as

a result of the alleged deficiencies"). Judge Fox recommended the denial of habeas corpus relief based on the second prong, based on Petitioner's failure to demonstrate that his trial counsel's alleged deficiencies prejudiced his case, i.e., that the outcome of the trial would have been different but for counsel's deficient performance. See Strickland, 466 U.S. at 697; (Report, at 14.)

Whereas Respondent objects to Judge Fox's analysis of the first prong of the Strickland test, Petitioner objects to Judge Fox's determination regarding Strickland's second prong, namely that Petitioner failed to prove that he was prejudiced as a result of trial counsel's deficient performance and therefore could not establish ineffective assistance of counsel. (See Pet. Obj. to Report, at 9-10.) The Court concurs in Judge Fox's recommended assessment of this claim. Petitioner offers only a conclusory assertion that the outcome of the trial would have been different, and provides no evidence or legal analysis to support his assertion. See Strickland, 466 U.S. at 694.

Petitioner also objects to Judge Fox's determination that Petitioner's Batson[3] and courtroom closure claims were not decided on the merits by the Appellate Division and, thus, were procedurally barred. (See Pet. Obj. to Report, at 1-5.) Petitioner contends that, by denying his petition for a writ of error coram nobis, the Appellate Division necessarily rejected the merits of his Batson and courtroom closure claims because Petitioner had premised his claim of ineffective assistance of counsel on his appellate counsel's failure to raise those particular claims. (See id. at 4.) As Judge Fox noted, however, the presentation of a federal question as a "predicate" for an ineffective assistance of counsel claim does not satisfy the exhaustion

---

[3] Batson v. Kentucky, 476 U.S. 79 (1986).

requirement. See Turner v. Artuz, 262 F.3d 118, 123 (2d Cir. 2001), cert. denied, 534 U.S. 1031 (2001); Report, at 10-11. To be determined on the merits, the Batson and courtroom closure claims would have had to have been presented as independent grounds for relief, something that could not have been done in that proceeding because claims other than ineffective assistance of counsel may not be submitted in a coram nobis petition. See Aparicio v. Artuz, 269 F.3d 78, 87 (2d Cir. 2001) (citing People v. Bachert, 69 N.Y.2d 593, 599 (N.Y. 1987) (use of writ of coram nobis only sanctioned by New York Court of Appeals in the context of a claim of ineffective assistance of appellate counsel). Moreover, in a coram nobis proceeding, an appellate court may not reject a claim of ineffective assistance of appellate counsel yet grant relief on other grounds; it is only where appellate counsel has been found ineffective, which was not the case here, that the appellate court may review the substance of a particular claim appellate counsel had been found incompetent for failing to raise.

Although Petitioner contends that, even if his claim is procedurally barred, he can show cause and prejudice so as to overcome the procedural bar, Petitioner's submissions in this proceeding are insufficient to demonstrate cause for the default, and also fail to demonstrate either the requisite prejudice or that he is actually innocent of the crimes. Nor has Petitioner demonstrated that failure to consider the claim will result in a fundamental miscarriage of justice. See Coleman v. Thompson, 501 U.S. 722, 750 (holding that a petitioner may obtain federal habeas corpus review of a claim that is barred due to procedural default if the petitioner shows cause for the default and prejudice attributable thereto, or demonstrates that failure to consider the federal claim will result in a fundamental miscarriage of justice); Bousley v. United States, 523 U.S. 614, 622-24 (1998) (holding that petitioner may overcome procedural bar by showing

that he is actually innocent of the charge for which he has been convicted). Judge Fox's conclusion that Petitioner's <u>Batson</u> and courtroom closure claims cannot be considered on their merits because they are exhausted but procedurally barred is therefore appropriate.

Petitioner also objects to Judge Fox's rejection, as procedurally barred, of (1) Petitioner's claims of ineffective assistance of trial counsel based on his trial counsel's failure to call "Louisa" as a witness and his failure to engage a handwriting expert; and (2) Petitioner's claim that the trial court's compensation arrangement for Petitioner's co-defendants' counsel compromised their willingness to press points vigorously and this denied Petitioner a fair trial. (Pet. Obj. to Report, at 5-7.) Judge Fox found that the trial judge had correctly ruled that the appellate record was sufficient to permit adjudication of these questions such that they were procedurally barred. (<u>See</u> Report at 11-12 (citing N.Y. Crim. Proc. Law § 440.10(2)(c) (2005)).) The trial court's determination that the appellate record was sufficient to permit adjudication of these questions is a factual determination, which, under 28 U.S.C. § 2254(e)(1), is presumed to be correct unless Petitioner rebuts the presumption by clear and convincing evidence. <u>See</u> 28 U.S.C.A. § 2254(e)(1) (West 2006) (when considering a petition for a writ of habeas corpus by a state prisoner, a federal court must be mindful that any determination of a factual issue made by a state court is to be presumed correct and the petitioner has the burden of rebutting the presumption by clear and convincing evidence).

Here, Petitioner is not able to overcome the presumption that he could have raised these issues on direct appeal. <u>See id.</u> Although Petitioner argues that the record was deficient at the time of direct appeal, the issue is not whether the appellate record would have led to a successful claim, but rather whether he would have been permitted to raise on direct appeal the

same claim he has presented to the postjudgment court. Moreover, when Petitioner presented claims in postjudgment court, Petitioner did not rely on any material facts outside the appellate record; therefore, the New York postjudgment court correctly ruled that those claims could have been raised on direct appeal. See N.Y. Crim. Proc. Law § 440.10(2)(c) (McKinney 2005). Accordingly, Petitioner's claim regarding trial counsel's failure to call a witness and to utilize a handwriting expert and his claim regarding trial counsel's compensation are procedurally barred. Moreover, because Petitioner has failed to demonstrate cause and prejudice with respect to the default, that he is actually innocent of the convicted offenses, or that a miscarriage of justice will result from failure to consider his claims, this Court concludes that habeas corpus relief based on these claims is properly denied. See Coleman, 501 U.S. at 750; Bousley, 523 U.S. at 622-24.

Finally, Petitioner objects to Judge Fox's determinations that: (1) the judicial bias and vindictive sentencing claims had not been properly presented in state court and were procedurally barred; and (2) there had been no showing of cause or prejudice that might overcome the procedural bar in this regard. (Pet. Obj. to Report, at 7-9.) The Court finds that Judge Fox's recommended conclusions are correct.

Although Petitioner argues that it is inconsequential whether appellate counsel cited "book and verse on the federal constitution" in presenting his claims on direct appeal because they were essentially the same legal doctrines as those cited in the federal petition for a writ of habeas corpus, he neglects to take into account the requirement that state court presentation must "include reference to a specific federal constitutional guarantee, as a well as a statement of the facts that entitle the petitioner to relief." Gray v. Netherland, 518 U.S. 152, 162-63 (1996) (emphasis added). Instead, Petitioner merely relies on his appellate brief's reference

to the right to a fair trial generally, and its citation of a state case, People v. DeJesus, 42 N.Y.2d 519 (N.Y. 1977), which cites federal case law, but only for the broad federal constitutional guarantee of the right to fair trial untainted by judicial partiality and the contention that juries are "extremely likely to be impregnated by the environing atmosphere." See Gray, 518 U.S. at 163 ("[I]t is not enough to make a general appeal as broad as due process to present the "substance" of such a claim to state court."); see also DeJesus, 42 N.Y.2d 519 (relying on state case law to support its holding that trial court's continual open hostility to defense counsel and allowance of prosecution's comment regarding defendant's failure to call defense witness deprived defendant of fair trial).

The Second Circuit has held that there are four ways in which a state defendant may fairly present to the state courts the constitutional nature of his claim, even without citing chapter and verse of the Constitution: (1) reliance on pertinent federal cases employing constitutional analysis; (2) reliance on state cases employing constitutional analysis in like fact situations; (3) assertion of the claim in terms so particular as to call to mind a specific right protected by the Constitution; and (4) allegation of a pattern of facts that is well within the mainstream of constitutional litigation. Daye v. Attorney Gen. of New York, 696 F.2d 186, 192-94 (2d Cir. 1982). Indeed, not one of the eleven other cases cited in Petitioner's appellate brief refers to any federal case law, nor does Petitioner cite any specific federal constitutional guarantee in support of his claim of judicial hostility to defense counsel. (See Pet.'s App. Brief, at 51-53.) Instead, Petitioner cites state cases, which, to satisfy Daye, would have to present like fact situations. (See id.); Daye, 696 F.2d at 192-94.

The state cases cited in Petitioner's appellate brief all involve significantly

different fact patterns than those asserted in Petitioner's claim. See Gray, 518 U.S. at 163-64 (finding that the cases cited in support of petitioner's claim arose in widely differing contexts); (see also Pet.'s App. Brief, at 51-52 (citing DeJesus, 42 N.Y.S.2d at 524 (holding that in a setting where there are sharp issues of credibility between witnesses, that the demeaning of counsel, and the interjection of extraneous considerations by the trial court unfairly burdened the defendant); People v. Mendes, 3 N.Y.2d 120, 122 (N.Y. 1957) (holding that under different circumstances trial judge's remarks regarding witness testimonies might not be deemed so grave as to vitiate conviction but because case was so close, safer course is to grant a new trial); People v. Lincoln, 551 N.Y.S.2d 314 (N.Y. App. Div. 1990) (holding that trial court improperly denied defendant counsel and that certain comments considered in conjunction with such errors deprived defendant of fair trial); People v. Baker, 477 N.Y.S.2d 215 (N.Y. App. Div. 1984) (ordering new trial after trial court erred in admitting testimony of co-defendants which unduly prejudiced the defendant and noting that there was animosity between trial judge and counsel which may have influenced the jury); People v. Rodriquez, 299 N.Y.S.2d 632 (N.Y. App. Div. 1969) (granting new trial after trial court erred in refusing to permit evidence regarding credibility of witnesses and erred in charging jury with words which could have been understood as requiring incorrect standard for finding of guilt)).)

Moreover, Petitioner's appellate brief incorrectly asserts that, in the cases Petitioner cites, the Court of Appeals reversed convictions based on findings that trial court's demeaning of defense counsel unfairly burdened that defendant, when in fact, the trial court's comments toward counsel were not the reason for the Court of Appeals' reversal in most of the cases. (See Pet.'s App. Brief, at 51-52 (citing Mendes, 3 N.Y.2d at 122; Lincoln, 551 N.Y.S.2d

314; Baker, 477 N.Y.S.2d 215; Rodriquez, 299 N.Y.S.2d 632).)   In not one of the cases cited in Petitioner's appellate brief was the trial judge's hostility to defense counsel the "but for" cause for the court's decision to order a retrial.  Thus, Petitioner fails to show fair state court presentation under any of the Daye critera.  Daye, 696 F.2d at 192-94.

Petitioner's claim regarding vindictive sentencing also failed to reasonably put the state courts on notice as to the federal nature of the claim.  While Petitioner asserted in his appellate brief that his sentence was "unconstitutionally excessive," he made no reference to specific constitutional guarantees and, cited no federal case law, nor even any state cases based on a fact pattern similar to Petitioner's case.  See Gray, 518 U.S. at 162-63; Daye, 696 F.2d at 192-94.  The Court therefore concludes that the hostility of trial court and vindictive sentencing claims are procedurally barred because they were not fairly presented as federal constitutional claims in the New York courts.  Furthermore, the Court finds that Petitioner has made no showing of cause and prejudice, actual innocence or miscarriage of justice that would entitle him to overcome the procedural bar.  See Coleman, 501 U.S. at 750; Bousley, 523 U.S. at 623.  The petition for writ of habeas corpus based on these claims is therefore properly denied.

Having thoroughly considered the objections of both Petitioner and Respondent and having reviewed the Report de novo, the Court adopts the Report in its entirety, with the exception of Magistrate Judge Fox's determination that trial counsel's performance was deficient under the first prong of the Strickland test.  For the reasons set forth in this Order and in the Report, Petitioner's application to amend the petition is denied and his petition for writ of habeas corpus is denied in its entirety.

Petitioner may not appeal this order unless "a circuit justice or judge issues a

certificate of appealability." 28 U.S.C.A. § 2253(c)(1) (West 2002). A certificate will be granted "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C.A. § 2253(c)(2) (West 2006); see generally United States v. Perez, 129 F.3d 255, 259-60 (2d Cir. 1997) (discussing the standard for issuing a certificate of appealabilty). The Court finds that Petitioner will not be able to sustain this burden. Thus, the Court declines to issue a certificate of appealability. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith. See Coppedge v. United States, 369 U.S. 438, 444 (1962).

SO ORDERED.

Dated: New York, New York
September 29, 2008

LAURA TAYLOR SWAIN
United States District Judge