00UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

RAFAEL MARTINEZ,

       Plaintiff,

 -v-                                        No.  02 Civ. 0009 (LTS)
                                            No.  11 Civ. 7090 (LTS)

DANIEL SENKOWSKI,

       Defendant.

-------------------------------------------------------x

ORDER

          Pro se Petitioner Rafael Martinez ("Petitioner") brought this action seeking habeas corpus relief pursuant to 28 U.S.C. § 2254 against Respondent, Superintendent Daniel Senkowski.  On May 4, 2008, Magistrate Judge Kevin Nathaniel Fox issued a Report and Recommendation (the "Report"), recommending that the application for a writ of habeas corpus be denied.  On September 29, 2008, this Court adopted the Report in part, denying Petitioner's application to amend the petition and denying his petition for habeas corpus in its entirety.  This Court also denied Petitioner a certificate of appealability because Petitioner had failed to make a substantial showing of the denial of a constitutional right.  The Second Circuit subsequently denied Petitioner a certificate of appealability and dismissed the appeal on the same grounds.

          Petitioner has since filed repeated Rule 60(b) motions for reconsideration of this Court's denial of his request for habeas corpus relief, all of which have been denied.  Now before the Court is another such motion for relief under Rule 60(b), as well as a request to

transfer this case to another judge.[1]  As a preliminary matter, the request to transfer the case to another judge is denied.

In connection with the pending Rule 60(b) motion, the Court has received and thoroughly reviewed the following materials from Petitioner: 1) two essentially identical submissions, dated March 15, 2013, commencing the motion practice; 2) a supplemental affirmation, dated May 21, 2013; 3) a supplemental affirmation, dated May 31, 2013; and 4) a supplemental affirmation, dated June 27, 2013.  Petitioner's principal argument, restated in each of his submissions, is that this Court incorrectly interpreted the adequate and independent state ground doctrine and, consequently, reached the improper conclusion that it was procedurally barred from considering the merits of Petitioner's ineffective assistance of counsel claim.  As with his prior Rule 60(b) motions, Petitioner's instant motion is insufficient to demonstrate the existence of the "extraordinary circumstances" required to justify Rule 60(b) relief.  See Gonzales v. Crosby, 545 U.S. 524, 535 (2005).  "Pro se litigants are not excused from the requirement that they produce 'highly convincing' evidence to support a Rule 60(b) motion." Gil v. Vogilano, 131 F. Supp. 2d 486, 494 (S.D.N.Y. 2001).  Petitioner's motion seeks merely to relitigate claims that were already fully considered and rejected in both his original habeas petition and his earlier Rule 60(b) motions.  Accordingly, the motion is denied.

Petitioner may not appeal this order to the Court of Appeals unless a circuit

---

[1] Insofar as Petitioner's papers can be construed to request appointment of counsel, such request is denied.  There is no constitutional right to representation by counsel in habeas corpus proceedings.  Quail v. Farrell, 550 F. Supp. 2d 470, 480 (S.D.N.Y. 2008).  A request for the appointment of counsel may be granted in a habeas corpus case if the court determines that the interests of justice so require.  18 U.S.C. § 3006A(a)(2)(B).  A petitioner must show that his claims have some merit for the Court to grant a request for counsel.  See Quail, 550 F. Supp. 2d at 480 (citing Cooper v. A. Sargenti Co., 877 F.2d 170, 172-74 (2d Cir. 1989)).  Here, Petitioner has not made such a showing.

justice or judge issues a certificate of appealability.  28 U.S.C. § 2253(c)(1).  A certificate will be granted, "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C.A. § 2253(c)(2) (West 2006); see generally United States v. Perez, 129 F.3d 255, 259–60 (2d Cir. 1997) (discussing the standard for issuing a certificate of appealability).  As the petition makes no substantial showing of a denial of a constitutional right, a certificate of appealability will not issue.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and accordingly, any application to proceed on appeal in forma pauperis is denied.  See Coppedge v. United States, 369 U.S. 438, 444 (1962).

SO ORDERED.


Dated: New York, New York
       July 17, 2013

                                                         _____/S_____
                                                         LAURA TAYLOR SWAIN
                                                         United States District Judge


Copy mailed to:
Rafael Martinez
93-A-2733
Green Haven Correctional Facility
P.O. Box. 4000
Stormville, NY 12582